UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON,<br><br>　　　　Plaintiff,<br><br>v.<br><br>B. BOTKIN,<br><br>　　　　Defendant. | No. 2:19-cv-1868 TLN DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and finds plaintiff states a cognizable claim for retaliation under the First Amendment. In addition, this court will recommend plaintiff's due process claim be dismissed.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the

allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II.    Analysis**

**A. Allegations of the Complaint**

Plaintiff is an inmate at California State Prison-Solano ("CSP-Solano"). He identifies one defendant: Botkin, a correctional officer there. In his first claim, plaintiff contends that in January 2019, he told Botkin that Botkin was keeping him up all night by slapping his keys against his can of mace, stomping through the dorms, and banging on plaintiff's bed every time he did a prisoner count. When Botkin responded that he did not care, plaintiff told Botkin he intended to file a 602 appeal complaining of Botkin's conduct. Botkin told plaintiff if he submitted a 602, Botkin would make up a rules violation against him. He then did so – falsifying a counseling chrono that stated plaintiff failed to provide identification when Botkin asked for it. (ECF No. 1 at 3.) Plaintiff alleges this act was retaliatory.

In his second claim, plaintiff alleges that Botkin's conduct violated plaintiff's First Amendment right to freedom of speech. (ECF No. 1 at 5.)

////

In his third claim, plaintiff alleges the falsification of the counseling chrono violated his right to due process. (ECF No. 1 at 6.)

Plaintiff seeks nominal and compensatory damages and the removal of the counseling chrono from his file. (ECF No. 1 at 7.)

### B. Does Plaintiff State Cognizable Claims?

The allegations in plaintiff's first claim for relief are sufficient to state a claim for retaliation in violation of plaintiff's First Amendment rights. Plaintiff alleges Botkin took adverse action against him because of plaintiff's protected conduct for no legitimate correctional reason. See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Plaintiff will be permitted to proceed on this First Amendment retaliation claim.

To the extent plaintiff is attempting to allege a separate First Amendment claim, plaintiff is advised that his First Amendment rights are implicated in his first claim.

With respect to plaintiff's claim of a due process violation. Plaintiff is advised that there is no due process right to be free from false disciplinary charges. The falsification of a disciplinary report does not state a stand-alone constitutional claim. See Luster v. Amezcua, No. 1:16-cv-0554-DAD-GSA-PC, 2017 WL 772141, at *5 (E.D. Cal. Feb. 27, 2017). Accordingly, this court will recommend plaintiff's due process claim be dismissed.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Service is appropriate for defendant B. Botkin.
4. The Clerk of the Court shall send plaintiff one USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed September 17, 2019.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Botkin; and

    d. Two copies of the endorsed complaint filed September 17, 2019.

6. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

Further, IT IS RECOMMENDED that plaintiff's due process claim be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 27, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DLB1/prisoner-civil rights/shep0084.scrn

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEE GLEASON,<br><br>             Plaintiff,<br><br>   v.<br><br>B. BOTKIN,<br><br>             Defendant. | No. 2:19-cv-1868 TLN DB P<br><br><br>NOTICE OF SUBMISSION |

Plaintiff submits the following documents in compliance with the court's order filed
_____:

  \_\_\_\_        completed summons form

  \_\_\_\_        completed USM-285 forms

  \_\_\_\_        copies of the Complaint

DATED:

                                  _____
                                  Plaintiff